UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE MAXWELL, | ) | CASE NO.  1:24-CV-561 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| SYNCHRONY FINANCIAL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

On March 26, 2024, *pro se* Plaintiff Michelle Maxwell filed this action against

Synchrony Financial.  (Doc. No. 1.)  Plaintiff contends that Synchrony Financial's refusal to

accept payment for her credit card is a breach of contract and a violation of the Bill of Exchange

Act, the Federal Reserve Act, and 12 U.S.C. § 1431.  (Doc. No. 1-1 at 6.)[1]  Plaintiff also filed a

motion to Proceed *In Forma Pauperis* (Doc. No. 2), which is GRANTED.  For the reasons

below, Plaintiff's complaint is DISMISSED.

## I.    BACKGROUND

Plaintiff alleges that on June 27, 2022, she applied for a credit card for Dick's Sporting

Goods.  (Doc. No. 1-1 at 6.)  This credit card is provided and serviced by Synchrony Financial.

(*Id.*)  Plaintiff made purchases totaling $2,663.78 using her credit card.  (*See* Doc. No. 1-3 at 9.)

Plaintiff attached a billing statement from Synchrony Financial to her complaint that

showed she had a minimum payment of $318.00 due on September 3, 2023.  (Doc. No. 1-4 at

11.)  This statement also indicated that Plaintiff had a past due balance of $195.00, had exceeded

her purchase limit by $237.18, and had a new balance of $2,237.18.  (*Id.*)  It appears that instead

of submitting payment by check, money order, over the phone, or online, Plaintiff wrote on the

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

billing statement "accepted for deposit," "two thousand two hundred thirty seven dollars and eighteen cents," "2,237 18/100," and "pay to the bearer." (*Id.*) Plaintiff then sent the billing statement with her markings to Synchrony Financial as payment. (*Id.*) Plaintiff contends that in doing so, she "tendered a negotiable instrument in accordance with the bill of exchange act[,] and Federal Reserve act." (Doc. No. 1-1 at 6.)

Plaintiff received another billing statement from Synchrony Financial indicating that a payment of $846.00 was due on January 3, 2024. (Doc. No. 1-3 at 10.) That statement indicated that Plaintiff had a past due balance of $707.00, had exceeded her purchase limit by $663.78, and had a new balance of $2,663.78. (*Id.*) As with her previous billing statement, Plaintiff wrote "accepted for deposit," "two thousand six hundred sixty three dollars and seventy eight cents," "2,663 18/100," and "pay to the order of bear[er]" on the billing statement and returned it to Synchrony Financial as payment. (*Id.*) Plaintiff contends that this document also constituted a "negotiable instrument in accordance with the bill of exchange act[,] and Federal Reserve act." (Doc. No. 1-1 at 6.)

In June 2023, Plaintiff mailed a set of instructions to Synchrony Financial and its CFO, Brian J. Wenzel, requesting that he "apply the principles balance to [Plaintiff's account], for set off each and every billing cycle" within five business days. (Doc. No. 1-5 at 13.) Later in June 2023, Plaintiff sent additional correspondence to Synchrony Financial inquiring about her account and threatening to "file a complaint for assessment with the OCC" for "security fraud and breach of contract." (Doc. No. 1-6 at 14.)

In July 2023, Synchrony Financial sent Plaintiff a letter regarding her account. (Doc. No. 1-8 at 16.) Synchrony Financial stated that it did not recognize Plaintiff's responses to the

billing statements as a method of payment.  (*See id.*)  Synchrony Financial stated that Plaintiff's account "is governed by the Synchrony Financial credit card agreement and we reject any attempt on your part to modify the terms of the agreement of our relationship."  (*Id.*)  In September 2023, Synchrony Financial sent another letter explaining that it did not accept Plaintiff's additional correspondence as payment.  (Doc. No. 1-9 at 17.)

Also in September 2023, the Office of the Comptroller of the Currency ("OCC") responded to correspondence from Plaintiff and conducted a second review of her complaint. (Doc. No. 1-7 at 15.)  The OCC referred Plaintiff to the Consumer Financial Protection Bureau, which "has jurisdiction on issues covered under federal consumer protection laws and financial institutions with assets of $10 billion and above."  (*Id.*)

On March 26, 2024, Plaintiff commenced this action, claiming that Synchrony Financial breached its contract and violated the Bill of Exchange Act, the Federal Reserve Act, and laws governing banking institutions.  (Doc. No. 1-1 at 6.)  Plaintiff's complaint requests that Synchrony Financial reopen her account, remove any and all derogatory marks from credit reporting agencies, pay $14,000 in damages, and pay $250,000 for "special performance of the contract."  (*Id.*)

## II.      **LEGAL STANDARD**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III.     ANALYSIS

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Through 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, discussed in § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, discussed in

§ 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Under Federal Rule of Civil Procedure 8, a plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction.  Fed. R. Civ. P. 8.

To establish diversity jurisdiction, a plaintiff must plead all parties' citizenship so that "the existence of complete diversity can be confirmed."  *Washington v. Sulzer Orthopedics, Inc*., 76 F. App'x 644, 645 (6th Cir. 2003).  For purposes of diversity jurisdiction, residence and citizenship are not equivalent.  *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).  When a plaintiff merely states the residence of the parties, but not their citizenship, he or she has not met the burden of establishing diversity of citizenship jurisdiction and the Court must dismiss the suit.  *Id*.  For individuals, citizenship is determined by his or her state of domicile.  *Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967).  To be domiciled within a particular state, a person must be "physically present in the state and have the intention to make his [or her] home there indefinitely or the absence of an intention to make his [or her] home elsewhere."  *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist*., 47 F. App'x 726, 728 (6th Cir. 2002).  A corporation is a citizen of both its states of incorporation and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).

A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he or she "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh v. Y & H Corp*., 546 U.S. 500, 513 (2006).  Jurisdiction is not defeated by the possibility that the complaint might fail to state a claim upon which relief may be granted.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  However, "[a] claim invoking federal

question jurisdiction under 28 U.S.C. § 1331 . . .  may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  *Arbaugh*, 546 U.S. at 513 n. 10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Plaintiff has not established a basis for this Court's subject matter jurisdiction.  Starting with diversity jurisdiction, Plaintiff states that "Synchrony Financial is a business entity in Fairfield Connecticut."  (Doc. No. 1-1 at 6.)  That statement is not sufficient to establish Synchrony Financial's citizenship as it says nothing about its states of incorporation or principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  For herself, Plaintiff states she is "a resident of Cuyahoga County in the State of Ohio."  (*Id.*)  Plaintiff's residency does not establish that she is a citizen of Ohio for diversity jurisdiction purposes.  *See Prime Rate Premium*, 930 F.3d at 765.

Moreover, Plaintiff cannot meet the amount in controversy requirement.  "[T]he general rule is that the amount claimed by a plaintiff in his [or her] complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount."  *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000).  In this case, Plaintiff claims "[d]amages in the amount of 14,000.00" and "special performance of the contract of restitution in the amount of 250,000.00"  (Doc. No. 1-1 at 6.)  Plaintiff offers no explanation for how these damages were calculated, and only states that she experienced "hardship and inability to provide personal, family and household needs" that "invasively and adversely affected [her] constitutional explicit rights to liberty and the pursuit of happiness."  (Doc. No. 1-1 at 6.)  In contrast, Plaintiff's accumulated credit card debt with Synchrony Financial is $ 2,668.78.  (*See* Doc. No. 1-3 at 9.)  While Plaintiff disputes that she owes this amount, Plaintiff's credit card

debit is the amount in controversy in this case.  Accordingly, it is apparent to a legal certainty that the claim does not meet the jurisdictional amount.  Plaintiff has not established diversity jurisdiction.

Plaintiff also fails to establish federal question jurisdiction.  Plaintiff has not identified a federal law under which her claims arise as required by § 1331.  There is no federal statute entitled "The Bill of Exchange Act."  *Chavis v. T-Mobile US, Inc*., No. A-23-CV-1513-DII-SH, 2024 WL 150734, at *2–4 (W.D. Tex. Jan. 11, 2024); *see also Griffin v. Gen. Elec. Credit Union*, No. 1:23-cv-542, 2023 WL 5955735, at *4 (S.D. Ohio Sept. 13, 2023) (recommending dismissal of a plaintiff's claims brought "per the Bill of Exchange Act" because "the allegations as pled require this Court to speculate as to both what law is referenced and what violation is alleged"), report and recommendation adopted, 2023 WL 8022825 (S.D. Ohio Nov. 20, 2023).  "While there are foreign statutes entitled Bill of Exchange Acts, those laws do not apply to commercial transactions in the United States between United States citizens."  *Chavis*, 2023 WL 5955735 at *4; *see also Thomas v. Fam. Sec. Credit Union*, No. CV 23-00222-TFM-B, 2024 WL 478070, at *6 (S.D. Ala. Jan. 17, 2024).

Plaintiff also seeks to assert claims under the Federal Reserve Act.  (Doc. No. 1-1 at 6.)  District courts "across the country have repeatedly rejected attempts to invoke [the Federal Reserve Act's] provisions as a private cause of action."  *Thomas*, 2024 WL 478070, at *5 (collecting cases); *see also White v. Lake Union Ga. Partners LLC*, No. 1:23-cv-02852, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (holding that the Federal Reserve Act "does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction.").

7

Plaintiff also lists 12 U.S.C. § 1431 as a basis for Synchrony Financial's liability.  (Doc. N. 1-1 at 6.)  This section "defines the powers and duties of the Federal Home Loan Banks." *Thomas*, 2024 WL 478070, at *6.  Plaintiff does not include any facts relating to this statute, nor does she suggest how it might apply to her claims against Synchrony Financial.  Accordingly, this lone reference to 12 U.S.C. § 1431 does not state a viable claim under the statute.  *See id.* (collecting cases).

Plaintiff's claims are not colorable and cannot form the basis for federal subject matter jurisdiction.

IV.  **CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED.  This action is DISMISSED pursuant to 28 U.S.C. §1915(e).  The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Date:  July 26, 2024

8